# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1313V
**Filed: March 27, 2017**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ELAINE ROSS, | |
| Petitioner, | |
| v. | |
| | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 11, 2016, Elaine Ross ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury from an influenza ("flu") vaccination she received on October 22, 2014. Petition at 1. On February 21, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 23).

On March 23, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 28). Petitioner requests attorneys' fees in the amount of **$24,520.65**, attorneys' costs in the amount of **$1,203.01**, and petitioner's costs in the amount of **$400.00**, for a total amount

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of **$26,123.66**. *Id.* at 3.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $400.00 in out-of-pocket expenses.  *Id.*; *see also* 3rd Attachment to Pet. Motion (ECF No. 28-3).

On March 23, 2017, respondent filed a response to petitioner's motion.  (ECF No. 33).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  By email correspondence with the parties on March 24, 2017, the OSM staff attorney managing this SPU case confirmed with petitioner's counsel that petitioner would not be filing a reply.  *See* Informal Remark, dated Mar. 27, 2017.

The undersigned has reviewed the billing records submitted with petitioner's request.  The undersigned is reducing the hourly rate requested by petitioner for work performed by petitioner's counsel in 2015-16 to the hourly rate the undersigned has previously awarded in other cases, $350.00 per hour.[3]  Petitioner's counsel billed 43.20 hours for work performed in 2015-16.  Thus, the amount requested for attorneys' fees is reduced by $561.60, representing a reduction from $363.00 to $350.00 for those hours.  The undersigned awards the hourly rate requested by petitioner, $363.00, for work performed in 2017.  The undersigned finds no cause to reduce the requested hours or costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $25,562.06[4] as follows:**

- **A lump sum of $25,162.06, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Carol L. Gallagher; and**

---

[3] The fee decisions in the following cases can be found on the court's website: Cabansag 16-475V, Reylea 16-555V, Salomone 16-795V.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
